IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL M.,[1] | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MARTIN O'MALLEY, Commissioner | : | |
| of Social Security[2] | : | NO.  23-2825 |

## MEMORANDUM AND ORDER

ELIZABETH T. HEY, U.S.M.J.                                                                                         May 13, 2024

Daniel M. ("Plaintiff") seeks review of the Commissioner's ("Defendant") decision denying his claims for child disability benefits ("CDB") and supplemental security income ("SSI").  For the following reasons, I will grant the Defendant's uncontested motion for remand and remand this matter for further proceedings.

## I.    PROCEDURAL HISTORY

Plaintiff protectively filed for CDB and SSI on May 24, 2020, alleging disability from his date of birth (April 3, 2000) due to scoliosis, depression, anxiety, anger issues, post-traumatic stress disorder ("PTSD"), and gastro-intestinal reflux disease.  Tr. at 324, 339, 343.  After his claims were denied initially, id. at 190-93, 198-201, and on

---

[1]To protect the privacy interest of plaintiff in this Social Security case, I have adopted the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that judicial opinions refer to plaintiffs in such cases by their first name and last initial.

[2]Martin O'Malley became the Commissioner of Social Security on December 20, 2023.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Commissioner O'Malley should be substituted for Kilolo Kijakazi as the defendant in this action.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. §405(g).

reconsideration, id. at 217-24, 228-35, he requested a hearing before an Administrative Law Judge ("ALJ"), id. at 238, which took place telephonically on June 22, 2022.  Id. at 79-108.  During the hearing, Plaintiff amended his alleged onset date for SSI purposes to September 20, 2019.  Id. at 83.[3]  On July 12, 2022, the ALJ issued a decision finding Plaintiff not disabled.  Id. at 49-68.  On May 24, 25, 2023, the Appeals Council denied Plaintiff's request for review, id. at 1-4, making the ALJ's July 12, 2022, decision the final decision of the Commissioner.  20 C.F.R. § 404.981.

Plaintiff initiated this action by filing his complaint on July 25, 2023.  Doc. 1.  In response to Plaintiff's brief in support of his request for review, see Doc. 13, Defendant filed an uncontested motion for remand, noting that "further evaluation of Plaintiff's claim is warranted."  Doc. 14 ¶ 2.[4]

## II. DISCUSSION

The ALJ found that Plaintiff suffered from the severe impairments of attention-deficit/hyperactivity disorder ("ADHD"), adjustment disorder with mixed emotional features and disturbance of conduct, mood disorder, disruptive impulse control and conduct disorder, mild intellectual disorder, PTSD, and autism spectrum disorder.  Tr. at 52.  Notably, the ALJ found Plaintiff had moderate limitation in the areas of understanding, remembering or applying information; interacting with others;

---

[3]For purposes of CDB, Plaintiff had to prove disability prior to the date he attained age 22 (April 2, 2022).  20 C.F.R. § 404.350(a)(5).

[4]The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  See Standing Order, In RE: Direct Assignment of Social Security Appeal Cases to Magistrate Judges – Extension of Pilot Program (E.D. Pa. Nov. 27, 2020); Doc. 6.

concentrating, persisting, or maintaining pace; and adapting or managing oneself.  Id. at 56-57.  In his residual functional capacity ("RFC") assessment, the ALJ found Plaintiff capable of performing medium work except that he can occasionally climb ladders, ropes, or scaffolds; frequently balance, stoop, kneel, crouch, crawl and climb ramps and stairs; and must avoid concentrated exposure to hazardous machinery and unprotected heights.  Id. at 59.  The ALJ further found that Plaintiff is able to understand, remember, and carry out simple and routine tasks with no fixed production quotas, with only occasional decision-making and only occasional changes in the work setting, no interaction with the public, only occasional interaction with co-workers with no tandem tasks, and only occasional over-the-shoulder supervision.  Id.  Plaintiff had no past relevant work, id. at 66, and based on the testimony of the vocational expert ("VE"), the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, specifically industrial cleaner, hand packager, and stores laborer.  Id. 67.

In his brief, Plaintiff contends that the ALJ erroneously (1) failed to find the opinion of the treating psychiatrist to be persuasive, (2) found the opinion of the consultative psychologist only partially persuasive, and (3) failed to incorporate all of Plaintiff's credibly established limitations in his RFC assessment and hypothetical question to the VE.  Doc. 13 at 4-20.

In view of Defendant's uncontested motion for remand, I will comment only briefly on the ALJ's decision and some of Plaintiff's issues.  Plaintiff argues that the ALJ erroneously failed to find the opinion of Deepak Mahajan, M.D., Plaintiff's treating psychiatrist since 2020, to be persuasive.  Doc. 13 at 6 (citing tr. at 1314-80, 2233-2449).

3

Because Plaintiff filed his claim after March 27, 2017, the regulations applicable to the consideration of medical opinions focus on the persuasiveness of each medical opinion. "We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The regulations list the factors to be utilized in considering medical opinions: supportability, consistency, treatment relationship including the length and purpose of the treatment and frequency of examinations, specialization, and other factors including familiarity with other evidence in the record or an understanding of the disability program. Id. §§ 404.1520c(c), 416.920c(c). The most important of these factors are supportability and consistency, and the regulation requires the ALJ to explain these factors, but does not require discussion of the others. Id. §§ 404.1520c(b)(2), 416.920c(b)(2). The regulation explains that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . , the more persuasive the medical opinions . . . will be." Id. §§ 404.1520c(c)(1), 416.920c(c)(1). In addition, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources . . . , the more persuasive the medical opinion(s) . . . will be." Id. §§ 404.1520c(c)(2), 416.920c(c)(2).

      Here, in a medical source statement dated June 8, 2022, Dr. Mahajan opined that Plaintiff had marked limitations in the ability to understand, remember and carry out instructions/information, make judgments on simple work-related decisions, interact appropriately with co-workers, respond appropriately to usual work settings and changes

in a routine work setting; and extreme limitations in the ability to interact appropriately with supervisors and maintain concentration, persistence and/or pace in a work setting. Id. at 2452-53. The doctor further opined that Plaintiff's impairments would cause him to be off-task for 25% or more of a workday, and be absent from work three or more times per month. Id. at 2534-54. Importantly, the VE testified that the limitations assessed by Dr. Mahajan would preclude all work. Id. at 105-07.

    The ALJ addressed Dr. Mahajan's opinion as follows:

> This opinion was fully considered, as a treating provider would be in a good position to understand the longitudinal record. However, it is not persuasive, as it is not consistent with or supported by the medical evidence since the amended alleged onset date. The evidence shows at least some normal mental status examinations and generally mild to moderate symptoms with conservative, routine treatment since the amended alleged onset date.

Tr. at 64. This cursory consideration fails to discuss the consistency of Dr. Mahajan's assessed limitations with those of consultative psychologist Kirsten Mulray, Psy.D., who also assessed Plaintiff with marked limitations in the ability to respond appropriately to usual work situations and changes in a routine work setting, id. at 1305, and psychiatrist Daniel J. Buhalo, M.D., who assessed Plaintiff in an emergency room setting, noted Plaintiff's homicidal ideation, and recommended inpatient psychiatric hospitalization. Id. at 1670. Notably, the ALJ did not mention the homicidal ideation and stated that Plaintiff has not been hospitalized for psychiatric reasons since the amended alleged onset date, without acknowledging that hospitalization was recommended by Dr. Buhalo. Id. at 63, 1670. Similarly, the ALJ failed to discuss the consistency of Dr. Mahajan's opinion with

5

other evidence of record, including Plaintiff's testimony, statements Plaintiff made to his medical providers, and hospital treatment in response to threats of extreme violence toward others.  See, e.g., id. at 458-61 (homicidal threats against classmates), 489-507 (threatening to kill his father and stepmother in their sleep), 1417 (threatening to stab a classmate).  The ALJ's conclusory statement regarding Dr. Mahajan's opinion is insufficient.  See, e.g., Gongon v. Kijakazi, 676 F.Supp.3d 383, 400 (E.D. Pa. 2023) (regulations "require[] the ALJ to *explain* why an opinion is consistent or not consistent, not simply summarize the other evidence in the record and let the reader decide whether the opinion is consistent with it") (emphasis in original).

      The ALJ's supportability determination is similarly questionable.  The evidence lending itself to consistency also provides support for Dr. Mahajan's assessed limitations.  Additionally, in stating that there were "at least some normal mental status examinations" in Dr. Mahajan's records, tr. at 64, the ALJ failed to consider the numerous abnormal findings on mental status examinations, such as irritability, anxious, sad, and angry mood and behavior, and delusions (id. at 2419, 2439-40), 2279-80), thoughts of self-harm (id. at 2427), agitated motor behavior, anger with stress, irrationality, and hypersensitivity (id. at 2421-22).  Finally, other factors, such as Dr. Mahajan's treatment relationship and longitudinal familiarity with Plaintiff, and his psychiatric specialization, further suggest that the ALJ did not properly evaluate Dr. Mahajan's opinion.

      In a related argument, Plaintiff asserts that the ALJ erroneously found the opinion of the consultative psychologist only partially persuasive.  Doc. 13 at 15-18.  This claim relies on much of the same argument and evidence discussed above, and therefore no

further comment is in order. Additionally, Plaintiff argues that the ALJ failed to account for all of Plaintiff's established limitations in his RFC findings. Id. at 19-20. Because I will order that this case be remanded for the reasons discussed above, and because Defendant has agreed to offer Plaintiff a new hearing and further evaluate the evidence, Doc. 14 ¶ 3, I do not find it necessary to further address these issues.

## III.   CONCLUSION

Defendant has stated that on remand, an ALJ will further evaluate Plaintiff's case, offer an opportunity for new hearing, and issue a new decision. Because further evaluation of the evidence and a new hearing should address the issues Plaintiff has presented in her Request for Review, I will grant Defendant's uncontested motion for remand.